IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVE KLAR<br><br>                  Plaintiff,<br><br>v.<br><br>AEROVOICE.COM and BEN NEMAN,<br><br>                  Defendants. | 1:07-cv-1995-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Or, in the Alternative, for Transfer Pursuant to 28 U.S.C. § 1404(a) [2].

**I.    BACKGROUND**

This action concerns the alleged breach of an employment contract between Plaintiff Steve Klar ("Klar") and Defendants Aerovoice.com ("Aerovoice") and Aerovoice President Ben Neman ("Neman"). Klar is a resident of Cobb County, Georgia. Aerovoice is a California corporation. Neman is a California resident.

On March 8, 2004, Klar entered into a written employment contract with Aerovoice. As part of the contract negotiations, Klar secured permission to work from his home in Marietta, Georgia. On April 1, 2005, Klar and Aerovoice executed an amendment to the March 8 contract, raising Klar's salary and altering the contract's termination date.

The parties disagree over where the contract and amendment were negotiated and executed. Klar has filed an affidavit stating that the contract and amendment were negotiated and executed in Marietta, Georgia. Neman has filed an affidavit stating that the contract and amendment were negotiated and executed in California. The parties apparently agree that but for Klar's presence in Georgia, all of the witnesses, documents, and information relevant to this dispute are located in the Central District of California.

**II.     DISCUSSION**

Defendants move, alternatively to their motion to dismiss for lack of jurisdiction in this district, for this case to be transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a). Klar does not oppose Defendants' motion to transfer. It is undisputed that jurisdiction over these Defendants is proper in the Central District of California.

28 U.S.C. § 1404(a) states: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court considers three factors in determining a motion to transfer: "(1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice." Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d 1352, 1355 (N.D. Ga. 2004). Typically, "federal courts accord a plaintiff's choice of forum considerable deference, only disturbing it when it is clearly outweighed by other considerations." Id.

Although the Court typically accords deference to plaintiff's choice of forum, Klar elected not to oppose the motion for transfer, apparently accepting Defendants' contention that the center of gravity of this case is located in California.

It is undisputed that all of the non-party witnesses, documents, and parties in this case, except Klar, are located in California. The convenience of the parties is thus served by litigating the case in California, particular in light of Klar's decision not to oppose this motion. It is undisputed that all non-party witnesses in this case are currently located in California. The convenience of the potential witnesses is best served by transfer to California. Transfer will substantially reduce the

considerable inconveniences of travel, cost, and time the witnesses would otherwise experience.  Although Klar alleges that the employment contract was negotiated and executed in Georgia, it is clear that California is the strong center of gravity for this case.  These interests outweigh Klar's initial but undefended decision to file suit in Georgia.  The interests of justice are thus served by granting the motion for transfer.

**III.   CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, or in the Alternative, Transfer, [2] is **GRANTED IN PART AND DENIED IN PART**.  Defendants' Motion to Dismiss is **DENIED**.  Defendants' Motion to Transfer is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be **TRANSFERRED** to the District Court for the Central District of California.

**SO ORDERED** this 3rd day of October, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE